■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK J. MOLLOY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted burglary in the third degree, defendant's sole contention is that the circumstantial evidence was legally insufficient to support the conviction because it failed to exclude to a moral certainty the innocent explanation proffered by defendant at trial. We disagree. Defendant's account

is conclusively refuted by certain facts established by the People's witnesses, for example, the sounds described by the victim as consistent with someone trying to jimmy the doors and windows; the fact that the broken glass had been removed from the window and stacked on the ground; and the fact that defendant fled directly past the patrol car. Moreover, defendant's trial testimony is severely undercut by his inconsistent prior statements to the officers and to his parole officer. The evidence fairly, reasonably and naturally gives rise to an inference of guilt, is consistent with that inference, and excludes to a moral certainty every reasonable hypothesis of innocence (see, People v Ford, 66 NY2d 428, 441-442; People v Benzinger, 36 NY2d 29, 32; People v Cleague, 22 NY2d 363). (Appeal from Judgment of Genesee County Court, Graney, J. —Attempted Burglary, 3rd Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.